Charles A. Loreto, J.
Motion to set aside the purported service of a summons, pursuant to sections 253 and 254 of the Vehicle and Traffic Law.
Section 253 requires, inter alia, that proof of service by mail upon a nonresident be supported by either the return receipt accompanying a registered letter or by the returned envelope showing that receipt of the letter was refused. Here the summons and complaint were mailed to defendant Marshak’s last- *53 known address in Los Angeles, but the letter was returned, marked only “unclaimed”. The filing of this envelope, so marked, does not appear to be compliance with the statute. Such envelope indicates neither a return receipt nor a refusal of acceptance. It appears from the face of the envelope that a notice was sent by the Los Angeles Post Office Department to defendant’s address to the effect that a certified letter was there to be picked up by defendant. Defendant does not appear to have learned what the letter was, or from whom, and then to have refused it. Such refusal would have been indicated on the letter. Instead, no one appeared at the post office to claim the letter for some three weeks and it was then returned to plaintiff’s attorney. It may well be that the defendant no longer resided at the address or was away from home during the three-week period in question.
At all events, the presumption of receipt of the letter or, at least, notice to a defendant cannot arise from a letter stamped ‘ ‘ unclaimed ’ ’. If such were the law, a plaintiff could direct a letter to any address, whether connected with a defendant or not, thereafter show a letter that was marked unclaimed and accomplish valid service thereby. This was obviously not the type of service — reasonably calculated to give a defendant notice of a proceeding — envisioned by the statute.
Somewhat analogous is the situation where a letter is returned and marked “ moved, left no address ” and where it has been held that such marking is not a return receipt or a showing that the letter was refused and, therefore, not compliance with the statute (see Harvey v. Fussell, 13 Misc 2d 602, affd. 7 A D 2d 742; Bernardt v. Scianimanico, 21 Misc 2d 182). The motion is, accordingly, granted, and the service set aside and vacated.