RUTH GRANDISON, Respondent, *v.* COLLEGE TRUCK RENTING CORP. et al., Defendants, and CHARLES ZIMMERMAN et al., Appellants.

First Department, September 29, 1966.

*Thomas Grimes* of counsel (*Corner, Finn, Froeb & Charles,* attorneys), for appellants.

*Louis Kaplan* for respondent.

*Per Curiam.* This action was brought to recover damages for personal injuries arising out of an intersection collision. Plaintiff was a passenger in defendant Zimmerman's automobile.

Zimmerman, a nonresident of the State of New York, was served with process pursuant to section 253 of the Vehicle and Traffic Law which provides in pertinent part that: " The plaintiff shall file with the clerk of the court   *   *   *   if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail."

The record shows that a summons and indorsed complaint was served on the Secretary of State, accompanied by the appropriate fee. A copy of the summons and complaint and notice of filing was sent to defendant Zimmerman in New Jersey by registered mail, return receipt requested. However, the original envelope containing the summons and complaint, which was sent to Zimmerman, was returned by the postal authorities marked " Unclaimed ". Such envelope was filed with the Clerk of the court.

The question to be determined is whether the filing of the envelope marked " Unclaimed " complied with that part of the statute requiring filing of the original envelope bearing a notation " that receipt was refused."

The satisfaction of the provisions for service requiring evidence of defendant's refusal of delivery of the papers — in the event that actual delivery is not made — is a prerequisite to jurisdiction (*Bauman* v. *Fisher,* 12 A D 2d 32). If not complied with, the service should be deemed defective, and an action based

on such service should be dismissed. It would appear that the Legislature in writing the statute as it did was seeking in the first instance to have the defendant receive actual notice of the institution of the lawsuit against him, or if such service could not be. made in lieu thereof an opportunity to receive such notice. Actual notice was dispensed with only where the original envelope was refused ·and returned by the postal authorities bearing such notation. While in such case actual notice is not achieved, yet it was within the defendant's power to receive the notice, and any failure to accept the envelope can be traced to him. However, a letter that is marked " Unclaimed " indicates that no notice was received by the defendant and, further, it does not carry the connotation that the failure to receive such notice was due to the act of the defendant. Thus, in *Bauman* v. *Fisher* (*supra,* p. 34), it was held that service was not valid where the envelope was returned by the postal authorities with the notation " Moved, left no address ". (See, also, *Weitzman* v. *Pottak,* 31 Misc 2d 52 and Ann. 95 ALR 2d 1045.)

We conclude that it cannot be said that the jurisdictional requirements mandated by section 253 of the Vehicle and Traffic Law have been complied with.

It should also be noted that although the issue has not been raised, there is no indication that plaintiff satisfied that portion of section 253 of the Vehicle and Traffic Law requiring that " notice of such mailing and refusal   *   *   *   [be] sent to the defendant by ordinary mail ". Had the issue been raised it would have been an additional ground for declaring the service herein invalid.

Accordingly, the order entered October 28, 1965, in the Appellate Term, affirming an order of the Civil Court, dated May 1, 1964, denying appellant MVAIC's motion to dismiss the complaint, should be reversed on the law, with costs and disbursements to appellants, and the motion granted and the complaint dismissed.

Botein, P. J., Breitel, Rabin and Capozzoli, JJ., concur.

Determination of the Appellate Term and the order of the Civil Court of the City of New York, New York County, reversed, on the law, with $50 costs and disbursements to the appellants; defendant's motion to dismiss the complaint granted.