DOMINIC RANIERI, Appellant, v. ELMIRA WILSON et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: Special Term properly granted defendants' motion to vacate service of summons upon them, and denied plaintiff's cross motion to approve service *nunc pro tunc* pursuant

to CPLR 308 (subd. 4). The record amply supports the court's conclusion that diligent search to locate defendants was not conducted. There is, however, an additional ground upon which the court could have bottomed its determination. Plaintiff attempted on two different occasions to effect service upon the Secretary of State upon the authority of section 254 of the Vehicle and Traffic Law, and both times failed to comply with the statutory requirements necessary to complete such service. No effort was made to effect service by compliance with CPLR 308 (subd. 4), under which courts are given broad discretion to designate the method of service. (Cf. *Dobkin* v. *Chapman*, 21 N Y' 2d 490.) This court considered the interrelationship of CPLR 308 (subd. [4]) and sections 253 and 254 of the Vehicle and Traffic Law in *McCoon* v. *Schoch* (30 A D 2d 768). There, as in the instant case, the plaintiff neglected to follow the procedure mandated by section 253 of the Vehicle and Traffic Law. What we wrote in *McCoon* is the principle which controls the case at bar. "Jurisdiction of defendant could only be obtained by compliance with the proviso. The Legislature has power to prescribe the ways in which jurisdiction may be acquired by the service of process and service is ineffective if the statutory requirements are not met." Because of plaintiff's failure to comply with the statutory provisions, the court acquired no jurisdiction over the defendants. (Appeal from order of Onondaga Special Term, granting motion to vacate service of summonses.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.