· ■ GEORGE STEWART, Respondent, v WILLIAM B. MCINTYRE, Appellant, et al., Defendants. (And Another Caption.)—In a negligence action to recover damages for personal injuries, defendant William B. McIntyre appeals from an order of the Supreme Court, Kings County, dated November 1, 1976, which, after a hearing, denied his motion to dismiss the action as against him for lack of personal jurisdiction. Order reversed, without costs or disbursements, and action remanded to Special Term for a further hearing in accordance herewith. The plaintiff attempted to effect service upon appellant pursuant to the provisions of section 253 of the Vehicle and Traffic Law. The Secretary of State was duly served pursuant thereto. However, a summons and verified complaint sent to appellant by registered mail, return receipt requested, at the address appearing on the police accident report, were returned marked "unclaimed". To effect service pursu-

ant to section 253 of the Vehicle and Traffic Law, the return receipt must be either returned, signed by the defendant or a qualified person, or there must be proof of a refusal to accept the attempted delivery. The notation "unclaimed" indicates that no notice was received by the defendant (see *Grandison v College Truck Renting Corp.,* 26 AD2d 260, 262). There was insufficient evidence elicited at the hearing to determine whether the appellant was responsible for intentionally or negligently giving an erroneous address, and is thereby estopped from claiming defective service (see *Greenwood v White,* 25 AD2d 73, 75). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.