OPINION OF THE COURT
Charles H. Cohen, J.
This is an action for property damage against defendant, a *352 resident of New Jersey, arising out of an automobile accident which took place in New York on June 18, 1974. In its answer, defendant set forth four affirmative defenses as follows: (1) lack of personal jurisdiction; (2) not real party in interest; (3) release; and (4) Statute of Limitations.
Plaintiff has moved to strike these defenses and defendant has cross-moved to dismiss the complaint. The main thrust of the cross motion is based upon the assertion that the court does not have personal jurisdiction over the defendant. (CPLR 3211, subd [a], par 8.) It appears that there are no material issues of fact relating to the question of personal jurisdiction.
The question presented is whether service of process was properly made upon defendant in conformity with section 253 of the Vehicle and Traffic Law. Subdivision 2 thereof reads, in part, as follows: "A summons in an action described in this section may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of five dollars, and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail * * * The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete when such papers are filed. The return receipt or other official proof of *353 delivery shall constitute presumptive evidence that the summons mailed was received by the defendant or a person qualified to receive his certified mail or registered mail; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent.”
On March 23, 1977, a copy of the summons and complaint was mailed to the Secretary of State at his office together with a fee of $5. The Secretary of State acknowledged receipt on March 29, 1977. On April 7, 1977, a copy of the summons and complaint together with a notice of service upon the Secretary of State was mailed to the defendant by registered mail "at his last known address.” The summons and complaint was filed in court on August 18, 1977, and "the supporting affidavits of service were filed on September 20, 1977.” Aside from other deficiencies urged by the defendant (such as the failure of plaintiff to file papers with the court within 30 days), it is unquestioned that the mailing to defendant was not mailed "with return receipt requested.” It must be decided whether this deficiency is fatal to plaintiffs case.
In Grandison v College Truck Renting Corp. (26 AD2d 260), a copy of the summons and complaint and notice of filing was sent to the defendant by registered mail, return receipt requested. However, the original envelope containing the summons and complaint was returned by the postal authorities marked "Unclaimed” and was then filed with the clerk of the court. In finding that the filing of the envelope marked "Unclaimed” did not comply with that part of the statute requiring the filing of the original envelope bearing a notation "that receipt was refused” and that the jurisdictional requirements mandated by the statute had not been complied with, the court declared (pp 261-262): "The satisfaction of the provisions for service requiring evidence of defendant’s refusal of delivery of the papers — in the event that actual delivery is not made — is a prerequisite to jurisdiction (Bauman v. Fisher, 12 A D 2d 32). If not complied with, the service should be deemed defective, and an action based on such service should be dismissed. It would appear that the Legislature in writing the statute as it did was seeking in the first instance to have the defendant receive actual notice of the institution of the lawsuit against him, or if such service could not be made in lieu thereof an opportunity to receive such notice. Actual notice was dispensed with only where the original envelope was refused and returned by the postal authorities bearing such *354 notation. While in such case actual notice is not achieved, yet it was within the defendant’s power to receive the notice, and any failure to accept the envelope can be traced to him. However, a letter that is marked "Unclaimed” indicates that no notice was received by the defendant and, further, it does not carry the connotation that the failure to receive such notice was due to the act of the defendant. Thus, in Bauman v. Fisher (supra, p. 34), it was held that service was not valid where the envelope was returned by the postal authorities with the notation 'Moved, left no address’. (See, also, Weitzman v. Pottak, 31 Misc 2d 52 and Ann. 95 ALR 2d 1045.)” See, also, Stewart v McIntyre, 57 AD2d 831; Weitzman v Pottak, 31 Misc 2d 52; Bernardt v Scianimanico, 21 Misc 2d 182; cf. Dwyer v Shalek, 232 App Div 780.)
In the instant case, plaintiff, by failing to request a return receipt, precluded itself from showing actual notice in the form of a return receipt "purporting to be signed by the defendant” or that the failure of such actual notice took place as a consequence of the act of the defendant in refusing to receive the notice.
The statute was designed to make sure that a defendant receives actual notice of the institution of the lawsuit (Shushereba v Ames, 255 NY 490, 492) unless the failure to receive such notice is a consequence of his own act. Where the plaintiff fails to follow the direction of the statute designed to achieve this result, there is no substantial compliance with the statute and there is no effective process. (Metcalf v Cowburn, 44 AD2d 650; Raineri v Wilson, 34 AD2d 1084; McCoon v Schoch, 30 AD2d 768.) While some courts have regarded certain failures to follow the statutory procedure as an irregularity (CPLR 2001) which may be disregarded (Wilson v Refrigeration Transp., 28 Misc 2d 781; Kimball v Midwest Haulers, 195 Misc 231), there has been no finding of a mere irregularity where there has been a complete failure to request a return receipt rendering it impossible to ascertain from the face of the papers filed whether defendant received notice or that any failure to receive notice was due to an act of the defendant himself. (Cf. Hayuk v Hallock, 11 Misc 2d 1086.)
With this emphasis on giving defendants actual notice, the court is mindful of the fact that the defendant in this case obviously received notice at some point since he has appeared and answered, and has now made his cross motion. However, *355 this is insufficient to correct the defective service. The Court of Appeals has steadfastly refused to overlook defective service merely because a defendant has learned of the lawsuit, noting that to do so would "negate the statutory procedure for setting aside a defectively served summons, since the motion itself is usually evidence that the summons has been received”; it has further indicated that to sustain improper service "would encourage carelessness, or worse, thus increasing the risk of default by parties who in fact fail to receive the summons.” (McDonald v Ames Supply Co., 22 NY2d 111, 115, 116.)
Defendant’s cross motion to dismiss the complaint is granted and judgment may be entered in favor of defendant against plaintiff. Plaintiff’s motion to strike defendant’s defenses is denied.