■ ARNOLD O. BERLIN, JR., Appellant, v JOHN I. OGREN, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered March 7, 1978 in Delaware County, which granted defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (subd [a], pars 5, 8), upon the grounds that the action was time barred and that the court lacked jurisdiction of the person of defendant. Plaintiff was a resident of New York and defendant was a resident of South Carolina when, on December 12, 1973, the parties were involved in an automobile accident on Black River Road in Bainbridge, New York. Subsequently, almost three years later, on December 2, 1976, plaintiff attempted to commence the present action pursuant to subdivision 2 of section 253 of the Vehicle and Traffic Law by serving the Secretary of State with copies of a summons and complaint and sending additional copies thereof by registered mail to defendant in South Carolina. On December 27, 1976, the envelope sent to South Carolina was returned to plaintiff unopened and marked "unclaimed", and plaintiff proceeded to file it with the Delaware County Clerk. Thereafter, defendant moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 8) because the court lacked jurisdiction of the person of defendant and the action was time barred, and Special Term granted his motion. This appeal followed. Initially, we agree with Special Term that plaintiff's attempt to commence this action by mailing the summons and complaint by registered mail to defendant's last

known address in South Carolina was insufficient to confer upon the court jurisdiction over defendant under subdivision 2 of section 253 of the Vehicle and Traffic Law because the summons and complaint so mailed were returned as "unclaimed". Prior to the amendment of the statute in question (see L 1978, ch 368, § 1, eff Aug. 18, 1978), two courts considered this precise issue and expressly held that such attempted service was not valid because the defendants under those circumstances had neither notice of the proposed actions nor an opportunity to receive such notice *(Grandison v College Truck Renting Corp.,* 26 AD2d 260; *Weitzman v Pottak,* 31 Misc 2d 52), and we adopt the rationale of the courts' decisions in those cases here. In so ruling, we would further point out that, while the later amendment to section 253 of the Vehicle and Traffic Law made service valid when certain conditions were met even though a registered mailing was returned "unclaimed" (see L 1978, ch 368, § 1, eff Aug. 18, 1978), this amendment had a postponed effective date which was over four and one-half years after the accident on December 12, 1973, and it also made a substantive change in the law. That being so, it should not be retroactively applied to this case *(Matter of Deutsch v Catherwood,* 31 NY2d 487), and, even if it were, there was not full compliance with the provisions of the amended statute so as to validate the attempted service. Under these circumstances, on December 12, 1976, three years having transpired since the date of the accident without defendant being validly served with the summons and complaint, it is clear that the three-year limitations period applicable to this negligence action (CPLR 214, subd 5) had run so as to render this action time barred. This is so even though defendant apparently moved from his former South Carolina address during the three-year period without leaving a change of address, with the result that plaintiff was unable to ascertain his new address and thereby effectuate the requisite service under section 253 of the Vehicle and Traffic Law. Defendant's actions served neither to toll the Statute of Limitations nor to estop him from asserting that plaintiff's service was insufficient to confer jurisdiction over the person of defendant on the court *(Yarusso v Arbotowicz,* 41 NY2d 516). Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.