■ ITHACA ASSOCIATES COMPANY, Respondent, v NICK PLATANIOTIS et al., Appellants. [710 NYS2d 688] —Spain, J. Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered November 1, 1999 in Tompkins County, which, *inter alia*, granted plaintiff's motion for partial summary judgment and dismissed defendants' counterclaims.

In October 1972, by separate lease agreements, plaintiff leased a restaurant and motor lodge to Howard Johnson

---

Company. The original term of the leases was 17 years with one 10-year renewal term and four 5-year renewal terms. The lessee was precluded from assigning the leases or subletting the demised premises without plaintiff's prior written consent, which would not be unreasonably withheld. The parties to the leases also agreed that the renewal options for the restaurant and motor lodge would not be exercised independently but, rather, the lessee would exercise the renewal options for the restaurant and the motor lodge together or not at all. The latter agreement was not contained in the leases, but was embodied in an October 6, 1972 letter signed by a Howard Johnson vice-president, with a handwritten reference to the October 27, 1972 restaurant and motor lodge leases endorsed by Howard Johnson's attorney (hereinafter the tie-in letter). According to plaintiff's managing partner, the handwritten reference and endorsement were added at the lease closing to ensure that the agreement survived the execution of the leases.

The motor lodge lease was subsequently assigned to Allan Rose and the restaurant was ultimately sublet to Rose. Plaintiff apparently consented to these transactions. In April 1994, Rose sublet the restaurant to defendant Elenik, Inc. (hereinafter defendant) without obtaining plaintiff's consent. Plaintiff first learned of the sublease in January 1995 and advised Rose of its objection based, in part, on defendant's claim regarding its right to renew the restaurant lease. In March 1997, plaintiff and the interested parties other than defendant agreed to terminate the prime leases and subleases with regard to the restaurant and motor lodge. In October 1998 defendant, which apparently never paid any rent for the restaurant and never actually operated a restaurant at the premises, recorded a letter in the Tompkins County Clerk's office which stated defendant's election to renew the restaurant lease.

Plaintiff thereafter commenced this action against defendant and its president seeking declaratory, injunctive and monetary relief. After issue was joined, plaintiff moved for summary judgment on its first two causes of action. Supreme Court granted the motion, declared that the letter recorded by defendants was void, directed the County Clerk to cancel the instrument of record and barred defendants from all claims to an estate or interest in the subject property. Defendants appeal.

Supreme Court's order must be affirmed. Assuming that the sublease of the restaurant to defendant was valid despite the absence of plaintiff's consent, which could not be unreasonably withheld, defendants had no right to renew and extend the

lease term which expired October 27, 1999. As noted by Supreme Court, "[a] subtenant is always bound by the terms of the underlying lease, which is the source of its rights" (*Mann Theatres Corp. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 471, *affd* 62 NY2d 930). Relying on the clause of the restaurant lease which provided that the lease contained the entire agreement of the parties, and further relying on the absence of any requirement in the lease itself tying the renewal option therein to the renewal option in the motor lodge lease, defendants argue that the restaurant lease renewal option could be exercised independently, without regard to renewal of the motor lodge lease.

Defendants' argument fails to accord any significance to the tie-in letter which the parties to the prime motor lodge lease and restaurant lease intended to be part of the lease transaction. Nothing in the restaurant lease prohibited its modification, although the lease did require that any modification be in writing. The tie-in letter signed by the original lessee's vice-president and its attorney was, therefore, a valid modification (*see*, General Obligations Law § 15-301 [1]), which plaintiff could enforce regardless of whether the original lessee received any consideration for agreeing to the modification (*see*, General Obligations Law § 5-1103). Relying on Real Property Law § 291-cc, defendants contend that because the lease was recorded, the unrecorded tie-in letter was not an effective modification against a subsequent purchaser in good faith and for valuable consideration.

For the purposes of determining whether a purchaser is entitled to the protection of the recording act, actual knowledge and notice of any facts which would lead a reasonably prudent purchaser to make inquiries precludes a claim of good faith (*see*, *Yen-Te Hseuh Chen v Geranium Dev. Corp.*, 243 AD2d 708, 709, *lv dismissed* 91 NY2d 921; *Matter of XAR Corp. v Di Donato*, 76 AD2d 972, 973). The record in this case discloses that the tie-in letter was attached to the sublease of Rose who, in turn, subleased the restaurant to defendant. In their brief, defendants concede that they received the tie-in letter along with a large number of documents from Rose and that they were aware of the letter "at an early stage in this transaction." Noticeably absent from the affidavits of defendant's president is any allegation that when he executed the sublease on defendant's behalf, he was unaware of the tie-in letter. Accordingly, defendants have failed to demonstrate that defendant was a good-faith purchaser and, therefore, the recording statute does not protect defendants from the effect of

the lease modification embodied in the tie-in letter. Inasmuch as the term of the lease expired with no valid renewal, Supreme Court correctly concluded that defendants have no claim or interest in the subject property.

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, with costs.