■ INDYMAC BANK, FSB, Respondent, v DONALD MACPHERSON, Appellant, et al., Defendant. [756 NYS2d 467] —In an action to foreclose a mortgage, the defendant Donald MacPherson appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated February 5, 2002, which denied his motion to vacate a judgment of foreclosure and sale entered November 5, 2001, upon his failure to appear or answer the complaint.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and new determination in accordance herewith.

It appears from the record that the defendant Donald MacPherson may not have been served with the summons within 30 days of the filing of the notice of pendency as required by CPLR 6512. Moreover, as there was no hearing in this matter, there is insufficient admissible evidence in the record to support the Supreme Court's determination that MacPherson's conduct estopped him from raising the defense of defective service (*see Bank of N.Y. v MacPherson,* 301 AD2d 485 [2003]; *Stewart v McIntyre,* 57 AD2d 831 [1977]). Therefore, an evidentiary hearing is required to determine whether MacPherson was served with the summons within 30 days of the filing of the notice of pendency, and if not, whether his conduct estopped him from raising the defense of defective service.

In remitting the matter, we note that MacPherson's contention that the notice of pendency was inadequate as a matter of law is without merit. The notice of pendency specified the date of the mortgage and the county in which the property was situated, and referenced the recording data concerning the mortgage. Therefore, the notice of pendency sufficiently complied with the statutory requirements of CPLR 6511 and RPAPL 1331 (*see Bank of N.Y. v MacPherson, supra; Mechanics Exch. Sav. Bank v Chesterfield,* 34 AD2d 111 [1970]).

MacPherson's remaining contentions are without merit. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.