■ CHARLES W. WARD, Appellant, v BARBARA P. WARD, Defendant, and ACCREDITED HOME LENDERS, INC., Respondent. [859 NYS2d 774]—

Malone Jr., J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 11, 2007 in Delaware County, which granted a motion by defendant Accredited Home Lenders, Inc. for summary judgment dismissing the complaint against it.

Plaintiff and defendant Barbara P. Ward were divorced in 2002 and, pursuant to the judgment of divorce, the marital residence was deemed marital property to be equitably distributed between the parties. Title was solely in Ward's name. The judgment granted plaintiff sole possession of the property until it was sold at a price of not less than the assessed value of $42,614, with the proceeds to be distributed equally after the payment of certain encumbrances. The judgment of divorce was entered in the Delaware County Clerk's office on January 11, 2002.

Thereafter, unbeknownst to plaintiff, Ward gave a mortgage on the property in the amount of $80,000 to defendant Accredited Home Lenders, Inc. (hereinafter defendant), which was recorded in the Delaware County Clerk's office on October 2, 2006. After learning of the mortgage, plaintiff commenced this action against Ward and defendant seeking, among other things, to nullify the mortgage. Following service of defendant's answer,* plaintiff served various discovery demands. Defendant did not respond to these demands and moved for summary judgment dismissing the complaint against it. Plaintiff, in turn, cross-moved to strike defendant's answer and to preclude defendant from introducing evidence withheld during discovery. Supreme Court granted defendant's motion without considering plaintiff's cross motion. Plaintiff now appeals.

For his cause of action against defendant, plaintiff alleged that defendant failed to diligently search the title to the property prior to recording Ward's mortgage and accepted the mortgage even though it was on notice of plaintiff's interest in the property. In support of its motion for summary judgment dismissing this claim, defendant submitted the affidavit of its attorney as well as that of a title searcher establishing that the public records did not disclose plaintiff's ownership interest in the property or the judgment of divorce, which was sealed and entered in the judgment docket only.

Even accepting the proof submitted by defendant as true, it does not conclusively establish if defendant acquired actual or inquiry notice of plaintiff's interest. Whether a party has actual or inquiry notice of a competing interest is a relevant consideration in determining if that party is a bona fide purchaser entitled to the protection of the recording act (see Ithaca Assoc. Co. v Plataniotis, 274 AD2d 640, 642 [2000]; Tompkins County Trust Co. v Talandis, 261 AD2d 808, 810 [1999], lv dismissed 93 NY2d 1041 [1999]; see also Real Property Law § 291). A party will be deemed to have inquiry notice when it had

---

* Ward defaulted in the action.

" 'knowledge of facts that would lead a reasonably prudent purchaser to make inquiry' " (*Morrocoy Mar. v Altengarten*, 120 AD2d 500, 500 [1986], quoting 1 Warren's Weed, New York Real Property § 1.05, at 357). Notably, " 'actual possession of real estate is notice to all the world of the existence of any right which the person in possession is able to establish' " if such possession is inconsistent with the title of the apparent owner of record (*Wardell v Older*, 70 AD2d 1008, 1009 [1979], quoting *Ehrlich v Hollingshead*, 275 App Div 742 [1949]).

In the case at hand, the documents prepared in connection with the mortgage are relevant to ascertaining whether defendant knew or should have known of plaintiff's interest in the property. Such documents would reveal defendant's knowledge, if any, of Ward's marital status, the fact that she was not paying taxes or insurance on the property, as well as the fact that plaintiff occupied the property. Defendant, however, failed to produce such documents in response to plaintiff's discovery demands. Given that the facts necessary for plaintiff to oppose the summary judgment motion were exclusively within defendant's knowledge, defendant was not entitled to summary judgment (*see Tenkate v Moore*, 274 AD2d 934, 935 [2000]; *Reohr v Golub Corp.*, 242 AD2d 850, 851 [1997]; *see also* CPLR 3212 [f]). In view of this, Supreme Court should have considered and ruled upon plaintiff's cross motion.

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.