■ Gene Maiorano et al., Appellants-Respondents, v Isaac Garson, Defendant, Victor N. Angelillo, Respondent, and Fremont Investment & Loan, Respondent-Appellant. (Action No. 1.) Fremont Investment & Loan, Respondent-Appellant, v Victor N. Angelillo, Respondent, and Gene Maiorano et al., Appellants-Respondents, et al., Defendants. (Action No. 2.) [886 NYS2d 190]—

In an action, inter alia, pursuant to RPAPL article 15 and Real Property Law § 329 to determine claims to real property and to cancel of record a deed as being void and of no effect (action No. 1), and a related foreclosure action (action No. 2), which were joined for all purposes, including trial, the plaintiffs in action No. 1 and defendants in action No. 2 appeal from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered January 23, 2008, as denied their cross motion for summary judgment on the first cause of action in the complaint in action No. 1, and, among other things, for summary judgment on their counterclaim and dismissing the complaint insofar as asserted against them in action No. 2, and Fremont Investment & Loan, a defendant in action No. 1 and the plaintiff in action No. 2, cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint in action No. 1 insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of Fremont Investment & Loan which was for summary judgment dismissing the third cause of action of the complaint in action No. 1 insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 1971 Gene Maiorano and Rosemarie Maiorano, the plaintiffs in action No. 1 and defendants in action No. 2,

purchased residential property located in Dobbs Ferry. In 2002 they encountered financial difficulties and could not make their mortgage payments. To avoid foreclosure, they entered into an agreement with Isaac Garson, a defendant in action No. 1, for the purpose of refinancing the property and using Garson's credit. The agreement, which referred to Garson as a "Trustee," provided that the Maioranos would enter into a contract to sell the property to Garson, and Garson would obtain a new mortgage. The Maioranos would then pay Garson the monthly payments on the new mortgage. The agreement also provided that Garson could sell the property, without the Maioranos's consent, if an "Impound Fund," from which Garson could make mortgage payments, fell below a certain amount, and they failed to increase the amount within 15 days after receiving notification from Garson. The agreement was not recorded. Shortly after executing the agreement, title to the property was conveyed to Garson.

In 2005 the Maioranos again encountered financial difficulties and Garson was forced to make payments for the new mortgage by using his own funds. As a result, Garson sold the property to Victor N. Angelillo, a defendant in both actions, who financed the purchase by obtaining two mortgage loans from Fremont Investment & Loan (hereinafter Fremont). Fremont is a defendant in action No. 1, and the foreclosure plaintiff in action No. 2.

The Maioranos commenced action No. 1 against Garson, Angelillo, and Fremont, inter alia, seeking to cancel of record the deed from Garson to Angelillo. In essence, they claimed that Garson conveyed the property to Angelillo without prior notice to them, allegedly in violation of his duties as Trustee under the agreement.

After Angelillo defaulted on his mortgage loans, Fremont commenced action No. 2 against him and the Maioranos, among others. The Maioranos interposed a counterclaim in the foreclosure action, seeking to void and cancel the Garson-to-Angelillo deed as well as the Fremont mortgages. The two actions were later joined for all purposes, including trial.

Fremont moved in action No. 1 for summary judgment dismissing the Maioranos' complaint insofar as asserted against it. The Maioranos cross-moved in both actions, seeking summary judgment (1) declaring the Garson to Angelillo deed void, and cancelling it of record, (2) dismissing action No. 2 insofar as asserted against them, and (3) directing the cancellation of Angelillo's mortgages to Fremont.

The Supreme Court denied the motion and cross motion. The

Maioranos appeal, and Fremont cross-appeals. We modify the order.

In action No. 1, Fremont made a prima facie showing of entitlement to judgment as a matter of law dismissing the Maioranos' third cause of action, which sought to recover an attorney's fee (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). No triable issue of fact was raised in response. Indeed, the Maioranos admitted that their third cause of action "makes no claim" against Fremont. Therefore, the Supreme Court should have granted that branch of Fremont's motion in action No. 1 which was for summary judgment dismissing the third cause of action of the complaint insofar as asserted against it.

The remaining branches of Fremont's motion were properly denied. Pursuant to Real Property Law § 266, a bona fide purchaser or encumbrancer for value is protected in his or her title unless he or she had previous notice of the alleged prior fraud by the immediate seller (see LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 599-600 [2007]; Karan v Hoskins, 22 AD3d 638 [2005]). Here, Fremont met its prima facie burden of establishing that it was a bona fide encumbrancer for value by showing that a title search revealed that Angelillo was the record owner of the subject property at the time of the closing, after Garson conveyed the deed to him, and that there were no recorded contracts affecting title (see Fleming-Jackson v Fleming, 41 AD3d 175 [2007]; Emerson Hills Realty v Mirabella, 220 AD2d 717 [1995]).

However, the Maioranos raised a triable issue of fact sufficient to defeat Fremont's motion by pointing to their actual possession of the subject premises, as well as documents in Fremont's possession that should have led it to inquire further about Garson's ownership thereof. For example, Gene Maiorano submitted an affidavit in which he claimed that, in connection with the Garson-to-Angelillo transaction, an appraiser visited the subject premises. Maiorano claimed that he informed her that he was the "owner" of the premises, and was "considering doing a refinance." On a subsequent visit, Rosemarie Maiorano also informed the same appraiser that the plaintiffs were the owners of the property. The resulting appraisal report, which was in Fremont's possession, indicated that the subject property's occupant was the "owner," and that the underlying transaction was a refinance rather than a purchase. Moreover, an HUD-1 settlement statement prepared in connection with the Garson-to-Angelillo transaction, also in Fremont's possession, contained a typewritten entry for the "seller," reading

"Rosemarie Maiorano," and containing her address at the subject premises. However, her name was crossed out by hand, and Garson's name, with the address of the subject premises, was handwritten adjacent thereto.

"[W]here a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser" (*Williamson v Brown*, 15 NY 354, 362 [1857]; *see Phelan v Brady*, 119 NY 587, 591-592 [1890]; *but see Fleming-Jackson v Fleming*, 41 AD3d 175 [2007]).

On this record, we conclude that the Maioranos succeeded in raising a triable issue of fact as to whether Fremont had knowledge of facts which put it "on inquiry" as to the existence of a right in potential conflict with its own (*Williamson v Brown*, 15 NY 354, 362 [1857]; *see Doyle v Siddo*, 31 AD3d 697 [2006]; *Vitale v Pinto*, 118 AD2d 774 [1986]). Accordingly, those branches of Fremont's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against it were properly denied.

The Maioranos' cross motion was properly denied, as they failed to make a prima facie showing of entitlement to relief (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The parties' remaining contentions are either without merit or improperly raised for the first time on appeal. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.