In an action, inter alia, to declare certain deeds to real property invalid, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Fartnow, J.), dated March 26, 2009, as, upon an undated decision of the same court, made after a hearing (Sunshine, Ct. Atty. Ref.), declared that the deeds transferring title to certain real property from the defendant Amar Roofing & Sheet Metal Corp., also known as Almar Roofing Corp., to the defendant Chukwuma Osakwe, from the defendant Chukwuma Osakwe to the defendant Angela Headley, and from the defendant Angela Headley to the defendant 819 Dean Street Corp., and the mortgage held by the defendant Long Beach Mortgage Company, were valid, awarded costs and disbursements to the defendant Long Beach Mortgage Company, and, in effect, dismissed the remainder of the complaint.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
On May 18, 1992, the plaintiff entered into an agreement with the defendant Amar Roofing & Sheet Metal Corp., also known as Amar Roofing Corp. (hereinafter Amar), whereby he leased from Amar, for a period of 30 years, a certain parcel of real property which was encumbered with a mortgage held by the City of New York. On the same day, the plaintiff and Amar executed a contract of sale, which provided for the plaintiff’s purchase of the same property from Amar, to be financed by a purchase money mortgage. Although the contract of sale designated May 18, 1992, as the closing date, no closing actually occurred. A rider to the lease contained a clause providing that once the mortgage held by the City of New York was satisfied, the plaintiffs rent payments to Amar would be credited to the *1010 purchase money mortgage the plaintiff gave to Almar. The plaintiff and Almar’s principal, the defendant Alan Bresnick, also agreed that once the rent payments were converted into mortgage payments, Bresnick would give the plaintiff the deed to the subject property. The lease and the contract of sale were recorded by the plaintiff on April 30, 1997.
By deed recorded on October 28, 1997, before Almar’s mortgage with the City of New York was satisfied, Almar transferred the subject property to the defendant Chukwuma Osakwe. In 2002, Osakwe, in turn, transferred the subject property to the defendant Angela Headley. To finance that purchase, Headley obtained a mortgage loan from the defendant Long Beach Mortgage Company (hereinafter Long Beach). In 2003, Headley transferred the subject property to the defendant 819 Dean Street Corp. In February 2005, the City of New York acknowledged the satisfaction of its mortgage. However, the closing referred to in the May 18, 1992, contract of sale never occurred, and the deed to the subject property was never delivered to the plaintiff.
In March 2005, the plaintiff commenced this action, seeking, among other things, a judgment declaring that the deeds transferring title to Osakwe, Headley, and 819 Dean Street Corp. (hereinafter collectively the purchasers), and the mortgage held by Long Beach, are invalid. After a hearing before a court attorney referee, the Supreme Court entered a judgment which, inter alia, declared that the deeds transferring title and the mortgage were valid, and, in effect, dismissed the remainder of the complaint. The plaintiff appeals.
The recording of a transaction involving real property provides potential subsequent purchasers with notice of “previous conveyances and encumbrances that might affect their interests” (Andy Assoc, v Bankers Trust Co., 49 NY2d 13, 20 [1979]; see Real Property Law § 291). In addition, “ ‘[w]here a purchaser has. knowledge of any fact, sufficient to put him [or her] on inquiry as to the existence of some right or title in conflict with that he [or she] is about to purchase, he [or she] is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his [or her] claim, to be considered as a bona fide purchaser’ ” (Maiorano v Garson, 65 AD3d 1300, 1303 [2009], quoting Williamson v Brown, 15 NY 354, 362 [1857]). Similarly, a mortgagee is under a duty to make an inquiry where it is aware of facts “that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue” (LaSalle Bank Natl. Assn. v Ally, 39 AD3d *1011 597, 600 [2007]). “Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession is able to establish” (Phelan v Brady, 119 NY 587, 591-592 [1890]; see 1426 46 St, LLC v Klein, 60 AD3d 740, 743 [2009]).
Title to the subject property was never conveyed to the plaintiff and, thus, he never became the owner of the property. Therefore, regardless of whátever notice the purchasers may have had as a result of the lease and contract of sale recorded by the plaintiff, the plaintiff did not have an ownership interest in the property that would defeat any of the conveyances to those parties or Long Beach’s mortgage. Moreover, although the plaintiff resided on the subject premises, which was sufficient to require an inquiry by the purchasers and Long Beach into “the existence of any right which [the plaintiff was] able to establish” (Phelan v Brady, 119 NY at 591-592), such an inquiry would have revealed only the leasehold interest held by the plaintiff. Such a possessory interest was not “in potential conflict” (Maiorano v Garson, 65 AD3d at 1303) with the interests in the property acquired by the purchasers and Long Beach. Furthermore, a recorded contract of sale is enforceable against subsequent purchasers, but only for 30 days after the closing date (see Real Property Law § 294 [1], [4] [a]; [5], [8] [a]). Here, the plaintiff did not record the contract of sale until nearly five years after the date designated as the closing date in the May 18, 1992, contract of sale, and the contested conveyances of the subject property occurred even later. Accordingly, the Supreme Court properly declared that the deeds transferring title to Osakwe, Headley, and Dean Street, and the mortgage held by Long Beach, were valid.
The plaintiffs remaining contentions are without merit (see Chambers v City of New York, 309 AD2d 81 [2003]; Allied Scrap & Salvage Corp. v State of New York, 26 AD2d 880 [1966]). Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.