■ WAH LAI CERAMIC TILE & LUMBER CORP., Respondent, v SAIMA PROPERTIES, LLC, Appellant. [919 NYS2d 900]—

In an action to foreclose a mechanic's lien against real property, the defendant appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 8, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff timely commenced this action and filed a notice of pendency in accordance with Lien Law § 17 prior to the expiration of its mechanic's lien. The notice of pendency substantially complied with Lien Law § 17 by setting forth the names of the parties to the action, the object of the action, describing the real property subject to the lien, and referencing the simultaneously filed complaint, which additionally set forth the date upon which the notice of mechanic's lien and the extension of lien were filed. Thus, the notice of pendency fulfilled its statutory function of providing notice to potential purchasers and lenders of the existence of the mechanic's lien and of the

action to foreclose the lien (*see Mechanics Exch. Sav. Bank v Chesterfield*, 34 AD2d 111, 113-114 [1970]; *see also Bank of N.Y. v MacPherson*, 301 AD2d 485, 486 [2003]), and we reject the defendant's contention that the failure of the notice of pendency to state on its face "the time of filing the notice of lien" in strict conformity with the content requirements of Lien Law § 17 rendered it invalid (*see* Lien Law § 23; *EFCO Corp. v Helena Assoc. LLC*, 45 AD3d 399 [2007]; *cf. Matter of Sakow*, 97 NY2d 436 [2002]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint upon the ground that the notice of pendency was invalid. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.