Robert G. Lucas, Appellant, v J&W Realty and Construction Management, Inc., et al., Defendants, and Dwinell Bedard et al., Respondents. [949 NYS2d 391]—

By deed dated January 16, 2009, and recorded on January 30, 2009, the defendant J&W Realty and Construction Management, Inc. (hereinafter J&W), acquired title to the subject property from a nonparty entity, PM0 1 B1, LLC. On that same date, the plaintiff acquired a mortgage from J&W encumbering the subject property, and recorded his mortgage interest on January 23, 2009. Subsequently, the plaintiff commenced the instant action to foreclose on his mortgage.

As their first affirmative defense, the defendants Dwinell Bedard (hereinafter Bedard) and Golden First Mortgage Corp. (hereinafter Golden) alleged that they each held a prior interest in the subject property which was superior to the plaintiff's January 16, 2009, mortgage interest. In support of this affirmative defense, they offered a deed dated October 16, 2008, several months before the plaintiff acquired his mortgage, purporting to convey title to the property from J&W to Bedard, as well as a contemporaneous mortgage document in which Bedard purportedly gave Golden a mortgage on the property. Although Bedard and Golden (hereinafter together the respondents) did not record their respective ownership and mortgage interests until after J&W and the plaintiff had recorded their respective ownership and mortgage interests arising from the January 16, 2009, transactions, there was evidence that Bedard was in actual possession of the property when the plaintiff acquired his mortgage interest on January 16, 2009.

However, the record contains two additional deeds with respect to the subject property which establish that J&W did not have title to the subject property to convey to Bedard on October 16, 2008, and Bedard did not otherwise acquire valid title to the subject property. Therefore, since Bedard did not acquire valid title to the subject property on October 16, 2008, he could not give Golden a valid mortgage interest in the property on that date.

"The recording of a transaction involving real property provides potential subsequent purchasers with notice of 'previous conveyances and encumbrances that might affect their interests' " (*Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010], quoting *Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 20 [1979]; *see* Real Property Law § 291). "[W]here a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser" (*Williamson v Brown*, 15 NY 354, 362 [1857]; *see Maiorano v Garson*, 65 AD3d 1300, 1303 [2009]; *Ward v Ward*, 52 AD3d 919, 920-921 [2008]). Similarly, a mortgagee is under a duty to make an inquiry where it is aware of facts "that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (*LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]). "Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession is able to establish" (*Phelan v Brady*, 119 NY 587, 591-592 [1890]; *see 1426 46 St., LLC v Klein*, 60 AD3d 740, 743 [2009]; *Ward v Ward*, 52 AD3d at 920-921).

Although the evidence in this case presented an issue of fact as to whether Bedard was in actual possession of the property when the plaintiff acquired its mortgage interest, which was sufficient to require an inquiry by the plaintiff into "the existence of any right which [the respondents were] able to establish" (*Phelan v Brady*, 119 NY at 592), such an inquiry would have revealed that neither Bedard nor Golden had any valid ownership interest in the property, let alone an interest that was "in potential conflict" with the plaintiff's mortgage (*Maiorano v Garson*, 65 AD3d at 1303; *cf. Stracham v Bresnick*, 76 AD3d at 1011). Under these circumstances, the plaintiff satisfied his burden of demonstrating, prima facie, that the respondents' first affirmative defense was without merit as a matter of

law (cf. *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]), and the respondents failed to raise a triable issue of fact in opposition. The deeds and mortgage documents submitted by the parties established, as a matter of law, that the plaintiff's mortgage was superior to the purported interests claimed by the respondents.

The respondents' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment dismissing the respondents' first affirmative defense and determining that its lien on the subject real property was superior to any interest claimed by the respondents. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.