■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee and Mortgagee of Record for Full Spectrum Lending, Inc., Appellant, v JULIA PAGAN et al., Defendants, and DEUTSCHE

BANK NATIONAL TRUST COMPANY, as Trustee for FREMONT HOME LOAN TRUST, Respondent. [991 NYS2d 51]—

In an action, inter alia, to foreclose on a mortgage and for a declaratory judgment, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated September 12, 2011, which granted that branch of the motion of the defendant Deutsche Bank National Trust Company which was for leave to intervene as of right pursuant to CPLR 1012, and (2) an order of the same court dated June 25, 2012, which, in effect, denied its cross motion for summary judgment declaring that the mortgage held by Full Spectrum Lending, Inc., on the subject real property is superior in priority to that held by the defendant Deutsche Bank National Trust Company, and granted that branch of that defendant's motion which was for summary judgment declaring that its mortgage is superior in priority to that held by Full Spectrum Lending, Inc.

Ordered that the appeal from the order dated September 12, 2011, is dismissed as abandoned; and it is further,

Ordered that the order dated June 25, 2012, is reversed, on the law, the plaintiff's cross motion for summary judgment declaring that the mortgage held by Full Spectrum Lending, Inc., is superior in priority to that held by the defendant Deutsche Bank National Trust Company is granted, that branch of that defendant's motion which was for summary judgment declaring that its mortgage is superior in priority to that held by Full Spectrum Lending, Inc., is denied, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the mortgage held by Full Spectrum Lending, Inc., is superior in priority to that held by the defendant Deutsche Bank National Trust Company; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The subject real property is the former marital residence of the defendants Julia Pagan and Kenneth Pagan. As part of a stipulation of settlement entered into during the couple's divorce action, Kenneth, the sole record owner, agreed to convey title of the property to Julia. In 2002, allegedly following receipt of a quitclaim deed from Kenneth, which was not recorded and does not appear in the record, Julia obtained a loan from nonparty Long Beach Mortgage Company and, as security, gave a mortgage on the property. The mortgage was recorded under Dutchess County's grantor-grantee indexing system.

In 2003, Julia refinanced the loan and, as security, gave a mortgage to Full Spectrum Lending, Inc. (hereinafter Full Spectrum). The mortgage identified Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), for purposes of recording, as the mortgagee of record. That mortgage was recorded on February 7, 2004.

Thereafter, Kenneth, still the record owner, conveyed title to the property to his brother, the defendant David Mendez, in violation of the stipulation of settlement. Mendez then obtained a mortgage loan from the defendant Option One Mortgage Corporation, which was recorded on May 11, 2004.

After Julia defaulted on her loan, the plaintiff commenced this action on August 14, 2006, by filing a summons and complaint and a notice of pendency indexed against Kenneth, among others, seeking to quiet title and to foreclose the mortgage given by Julia. On the same date, Mendez executed a deed reconveying the property to Kenneth. Four days later, Kenneth obtained a mortgage loan from nonparty Fremont Investment & Loan, which assigned the note and mortgage to the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank). That deed and mortgage were recorded on August 24, 2006. After Kenneth defaulted on his loan, Deutsche Bank commenced its own separate action in January 2008 to foreclose the mortgage given by Kenneth.

Meanwhile, on October 18, 2006, the Supreme Court granted the plaintiff's motion to vacate the deed from Kenneth to Mendez, and to declare Julia the owner of the property and Full Spectrum's mortgage the first lien on the property. A judgment of foreclosure and sale was issued on April 29, 2008. In 2009, Deutsche Bank likewise obtained a judgment of foreclosure and sale in the separate action.

In 2010, Deutsche Bank moved for leave to intervene in the instant action and for summary judgment declaring that its mortgage lien is superior in priority to Full Spectrum's mortgage lien. In the first order appealed from, dated September 12, 2011, the Supreme Court granted Deutsche Bank's motion to the limited extent of granting leave to intervene. Following discovery, the plaintiff cross-moved for summary judgment declaring that the mortgage held by Full Spectrum is superior in priority to Deutsche Bank's mortgage. In the second order appealed from, dated June 25, 2012, the Supreme Court denied the plaintiff's cross motion and granted that branch of Deutsche Bank's motion which was for summary judgment declaring that its mortgage is superior in priority to Full Spectrum's. We dismiss the appeal from the order dated September 12, 2011, and reverse the order dated June 25, 2012.

Full Spectrum acquired a valid mortgage interest in the subject property. By virtue of the stipulation of settlement between Julia and Kenneth executed in connection with their divorce action, Julia, at the least, held an equitable interest in the subject property (*see NYCTL 1998-1 Trust v Gabbay*, 16 Misc 3d 732 [Sup Ct, Bronx County 2007]; *see also Rogers v Rogers*, 63 NY2d 582 [1984]). Even in the absence of the quitclaim deed from the record, Full Spectrum acquired a valid mortgage interest with regard to Julia's equitable interest in the subject real property, as "[a]ny interest in real property capable of passing by purchase or descent is capable of being encumbered by a mortgage" (*Boyarsky v Froccaro*, 125 Misc 2d 352, 359 [1984], citing *Mutual Life Ins. Co. of N.Y. v Shipman*, 119 NY 324 [1890]; *see* Real Property Law § 240 [4]; *see also* Bowmar et al., Mortgage Liens in New York § 5:1 [2d ed 35 West's NY Prac Series 2013]).

"[T]o cut off a prior lien, such as a mortgage, the purchaser must have no knowledge of the outstanding lien *and* win the race to the recording office" (*Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]). When a notice of pendency is filed, a purchaser is charged with constructive notice of litigation if he or she fails to record the deed prior to the filing of the notice of pendency (*see id.* at 102). "A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party" (CPLR 6501). Here, inasmuch as Deutsche Bank's predecessor, nonparty Fremont Investment & Loan, failed to record its mortgage prior to the recording of Full Spectrum's mortgage, and prior to the filing of the notice of pendency indexed against, among others, the mortgagor, Kenneth Pagan, Deutsche Bank is bound by all proceedings taken in the instant action (*see Goldstein v Gold*, 106 AD2d at 102), including the order vacating the deed from Kenneth to Mendez (*see 89 Pine Hollow Rd. Realty Corp. v American Tax Fund*, 96 AD3d 995 [2012]; *Mallick v Farfan*, 66 AD3d 649 [2009]; *Matter of Jenkins v Stephenson*, 293 AD2d 612 [2002]; *see also Novastar Mtge., Inc. v Mendoza*, 26 AD3d 479 [2006]).

Deutsche Bank's contention that the notice of pendency was defective and void is without merit. The notice of pendency sufficiently complied with the statutory requirements (*see Wah Lai Ceramic Tile & Lbr. Corp. v Saima Props., LLC*, 83 AD3d 694 [2011]; *Indymac Bank v MacPherson*, 303 AD2d 558 [2003]; *Bank of N.Y. v MacPherson*, 301 AD2d 485 [2003]; *Mechanics Exch. Sav. Bank v Chesterfield*, 34 AD2d 111 [1970]; CPLR

6511 [b]), and provided " 'adequate notice of the risk to the property's title' " (*Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d 851, 856 [2011], quoting *5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 321 [1984]; *see* CPLR 6511 [a]).

Moreover, Deutsche Bank failed to demonstrate that it is a bona fide encumbrancer for value (*see* Real Property Law § 266; *Phelan v Brady*, 119 NY 587 [1890]; *Maiorano v Garson*, 65 AD3d 1300 [2009]). " '[W]here a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with [what] he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser' " (*Lucas v J&W Realty & Constr. Mgt., Inc.*, 97 AD3d 642, 643 [2012], quoting *Williamson v Brown*, 15 NY 354, 362 [1857]; *see Maiorano v Garson*, 65 AD3d at 1303; *Ward v Ward*, 52 AD3d 919, 920-921 [2008]). "Similarly, a mortgagee is under a duty to make an inquiry where it is aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue' " (*Lucas v J&W Realty & Constr. Mgt., Inc.*, 97 AD3d at 643, quoting *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]). " 'Actual possession of real estate is sufficient notice to a person proposing to take a mortgage on the property, and to all the world of the existence of any right which the person in possession is able to establish' " (*Lucas v J&W Realty & Constr. Mgt., Inc.*, 97 AD3d at 643, quoting *Phelan v Brady*, 119 NY at 591-592; *see 1426 46 St., LLC v Klein*, 60 AD3d 740, 743 [2009]; *Ward v Ward*, 52 AD3d at 920-921). Here, notwithstanding the absence of the alleged quitclaim deed, Julia was residing at the subject real property at all relevant times, and allegedly was paying the taxes on the subject property at those times. Julia's occupation of the premises was inconsistent with the purported ownership of the premises by Mendez, her former brother-in-law. A proper inquiry by Deutsche Bank would have disclosed, at the least, Julia's equitable interest in the subject property based on the stipulation of settlement executed by Julia and Kenneth in connection with their divorce action (*see NYCTL 1998-1 Trust v Gabbay*, 16 Misc 3d 732 [2007]; *see also Rogers v Rogers*, 63 NY2d 582 [1984]). Having failed to inquire of Julia as to her interest in the property, Deutsche Bank "is guilty of a degree of negligence fatal to its claim that it is a bona fide purchaser" (*Vitale v Pinto*, 118 AD2d 774, 776 [1986]; *see Maiorano v Garson*, 65 AD3d at 1303; *cf. Lucas v J&W Realty & Constr. Mgt., Inc.*, 97 AD3d at 643; *Stracham v Bresnick*, 76 AD3d 1009, 1011 [2010]).

Accordingly, the Supreme Court should have granted the plaintiff's cross motion for summary judgment declaring that the mortgage held by Full Spectrum is superior in priority to that held by Deutsche Bank, and should have denied that branch of Deutsche Bank's motion which was for summary judgment declaring that its mortgage is superior in priority to that held by Full Spectrum.

Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the mortgage held by Full Spectrum Lending, Inc., is superior in priority to that held by the defendant Deutsche Bank National Trust Company (see Lanza v Wagner, 11 NY2d 317, 334 [1962]). Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.