Penn v Rochester Rev Holdings, LLC

2026 NY Slip Op 02540

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

JAMES PENN, PLAINTIFF-APPELLANT,

v

ROCHESTER REV HOLDINGS, LLC, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

196 CA 25-00721

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

WOODS OVIATT GILMAN LLP, ROCHESTER (ROBERT D. HOOKS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, ROCHESTER (DAVID M. TANG OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, J.), entered April 17, 2025, in an action pursuant to RPAPL articles 6 and 15. The order granted the motion of defendant for summary judgment dismissing the complaint and on its counterclaims.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: In this action involving the parties' competing claims to ownership of real property pursuant to RPAPL article 15, plaintiff appeals from an order that granted defendant's motion seeking, inter alia, summary judgment dismissing the complaint and on its counterclaims. We reverse.

"To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (Corriette v Mele, 244 AD3d 679, 682 [2d Dept 2025] [internal quotation marks omitted]). "[A] purchaser is charged with knowledge of the exact rights claimed by all persons in possession" (Raines v Moran, 57 NYS2d 800, 807 [Sup Ct, Ontario County 1945], affd 270 App Div 979 [4th Dept 1946]; see Phelan v Brady, 119 NY 587, 591 [1890]). Indeed, a purchaser is charged with "constructive notice of all the interests, rights and equities which [a tenant] may have in the property in question by reason of the fact that [such tenant] was in actual possession of the property at the time that conveyances thereof were accepted by [the purchaser]" (Raines, 57 NYS2d at 807 [emphasis added]; see Ward v Ward, 52 AD3d 919, 920 [3d Dept 2008]).

Here, defendant, which asserts that it acquired title to the property in question pursuant to a warranty deed, failed to meet its initial burden on its motion. Defendant submitted, inter alia, a lease agreement between plaintiff and a prior owner of the property—which contains a purported purchase option—as well as the affirmation of defendant's managing member, in which he made averments indicating that he knew plaintiff was a tenant prior to recording the warranty deed. Because defendant's own submissions raise triable issues of fact regarding each of plaintiff's causes of action and each of defendant's counterclaims, we conclude that Supreme Court erred in granting defendant's motion (see generally Ulrich v Estate of Zdunkiewicz, 8 AD3d 1014, 1015 [4th Dept 2004]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court