Memobaitdttm. The order appealed from should be affirmed, with costs. The difficulty with the position taken by the dissenting Judges is that the entry upon claimant’s land by the State was equivocal with respect to how much land or what property rights were being expropriated. Claimant was not in a position to prepare and file a claim without knowing whether the State was appropriating an easement or fee title or how much land was being taken in either event. This could not be known since no maps, plans or descriptions available to claimant had been filed or in any other manner become binding on the State. When, ultimately, the State did file a map, it showed that a portion of the expropriation was of an easement, and part was talcen in fee. Until then the owner could not know what estates were being taken nor what the boundaries were to be of the property being appropriated and therefore could not prepare a claim, even if he was chargeable with notice that the State was taking something but could not tell what or how much. Interest pertains to just compensation, and cannot constitutionally be eliminated unless there is opportunity for the claimant to file a claim as contemplated by the statute. (See La Porte v. State of New York, 6 N Y 2d 1, and cases cited, p. 6.)
Some of the members of the court, agreeing with the foregoing, also think the entry upon the property by the State (regardless of the extent or nature of the occupancy) was not of such nature as to come to the attention of the owner in the ordinary course of events.