■ JACQUES LEANDRE et al., Respondents, v ISIAH SHARPERSON, JR., et al., Appellants, et al., Defendants. — In a negligence action, defendants Sharperson and Gadson appeal from so much of an order of the Supreme Court, Kings County (Berkowitz, J.), entered October 28, 1982, as denied their motion for summary judgment. Order reversed insofar as appealed from, on the law, with costs, and appellants' motion granted. At the outset, we note that appellants' moving papers consisted of their attorney's affirmation, the transcript of Jacques Leandre's (hereinafter plaintiff) examination before trial and the police accident report. When the attorney's affirmation is based on documentary evidence in his possession it is sufficient for purposes of a motion for summary judgment (see *State of New York v Middletown Beef Co.,* 84 AD2d 834; *Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787; *Getlan v Hofstra Univ.,* 41 AD2d 830, app dsmd 33 NY2d 646; but see *Executive Securities Corp. v*

*Gray,* 67 AD2d 860). Plaintiffs' action arises out of a three-vehicle accident. The record indicates that plaintiffs' vehicle was hit twice from behind by Jacob King's vehicle. These collisions caused plaintiffs' car to move forward and to hit the rear end of appellant Gadson's car (which was driven by appellant Sharperson). Plaintiffs have failed to show triable issues of fact as to Gadson and Sharperson. Accepting plaintiffs' version of the facts as true, the record is barren of any questions of fact as to the negligence of Gadson and Sharperson. In addition, the papers submitted in opposition to the appellants' motion for summary judgment were submitted by plaintiffs' attorney, a person without actual knowledge of the facts, and they were not based upon documentary evidence. As such they were insufficient to defeat the motion. Therefore, summary judgment should have been granted to Gadson and Sharperson, dismissing plaintiffs' complaint as to them. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.