■ PETER L. WEINGARTEN, as Trustee of Merrimack Valley Orthopedic Associates Pension Plan, Appellant, v JOEL MARCUS et al., Respondents.—In an action to foreclose a mortgage on real property, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Morton, J.), dated January 30, 1985, which denied his motion for summary judgment striking the defendants' answers without prejudice to renew after the completion of examinations before trial, and (2) as limited by his brief, from so much of an order of the same court, entered March 6, 1985, as upon reargument, adhered to its original determination.

Appeal from the order dated January 30, 1985, dismissed. That order was superseded by the order entered March 6, 1985, made upon reargument.

Order entered March 6, 1985, affirmed insofar as appealed from.

The respondents Marcus and Kadilac Funding Limited are awarded one bill of costs.

We find that the papers submitted in opposition to the plaintiff's motion for summary judgment raised sufficient factual questions to warrant the denial of that motion, at least until after the respondents Marcus and Kadilac Funding Limited (hereinafter the respondents) have had an opportunity to conduct oral depositions of the plaintiff and the defendant Samuel Cooper, with whom the plaintiff allegedly conspired to exact a usurious rate of interest on a loan made to the defendant Marcus. The nature of the relationship between Cooper and the plaintiff, as well as their intent with respect to the structuring of the two mortgages in question, are issues exclusively within the knowledge of the plaintiff and Cooper.

Therefore, summary judgment is inappropriate at this time (see, *Franklin Natl. Bank v De Giacomo*, 20 AD2d 797).

Although the affirmation of an attorney who lacks personal knowledge of the facts generally does not have any probative value to defeat a motion for summary judgment (see, e.g., *Zuckerman v City of New York*, 49 NY2d 557), if, as in the case at bar, the affirmation of counsel is based upon documentary evidence annexed thereto, it will be considered by the court (see, *Zuckerman v City of New York, supra; Leandre v Sharperson*, 96 AD2d 883). In any event, there was other evidence to support the respondents' claim of usury, to wit, the affidavits of the defendant Joel Marcus and Robert Wiseman, the managing agent of the subject premises, which contained statements attributed to Cooper regarding his relationship with the plaintiff and the purpose behind the loan. Cooper's denial of these statements in his own affidavit merely creates a question of credibility which cannot be resolved on a motion for summary judgment (see, e.g., *Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338).

Contrary to the plaintiff's assertion, the $33,000 mortgage was not a purchase-money mortgage exempt from the application of the usury statutes since the interest charged was clearly not part of the consideration for the sale of real property or reflective of the purchase price (see, *Butts v Samuel*, 5 AD2d 1008; *Del Rubio v Duchesne*, 284 App Div 89; cf. *Barone v Frie*, 99 AD2d 129). Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.