■ BARBARA VITALE, Respondent, v SALVATORE PINTO et al., Defendants, and LLOYD CAPITAL CORP., Appellant.—In an action for a judgment declaring rights under a mortgage and to

compel delivery of title to property, the defendant Lloyd Capital Corp. appeals from so much of a judgment of the Supreme Court, Kings County (Bianchi, J.), entered January 31, 1985, as declared the mortgage null and void, and failed to conform to the memorandum decision dismissing the plaintiff's fourth cause of action.

Judgment modified by (1) deleting the first decretal paragraph and substituting therefor a provision declaring the mortgagee's rights under the mortgage recorded on February 13, 1981, Liber 1218, page 433, subordinate to the rights of the plaintiff under the option to purchase to the extent of $23,825, (2) adding a fifth decretal paragraph dismissing the plaintiff's fourth cause of action pursuant to the decision of the Supreme Court, and (3) adding a sixth decretal paragraph severing the defendant Lloyd Capital Corp.'s claim. As so modified, judgment affirmed, insofar as appealed from, with costs to appellant, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiff leased the premises at 1697 Schenectady Avenue from its owner, Salvatore Pinto, for a six-year period commencing November 1976. The lease included an option to purchase the property free from all encumbrances, although the owner retained the right to mortgage the property for up to $15,000 during the term of the lease; for this option the plaintiff paid $4,000. The plaintiff did not record the lease.

In January 1981, Pinto, along with the defendant Lucy Ferrare, executed a blanket mortgage to mortgagee Lloyd Capital Corp. with respect to both the Schenectady Avenue property and a piece of property owned by Ferrare, to secure a loan of $38,825; the mortgage was recorded in February 1981. The mortgagee was aware that the Schenectady Avenue property was tenant occupied but was told by the owner, Pinto, that the plaintiff was a month-to-month tenant with no written lease.

In August 1982 the plaintiff attempted to exercise her option to purchase, but was unsuccessful. She then brought the instant action against Pinto seeking specific performance of the option and conveyance of the property free of all encumbrances and against the mortgagee for a declaration that the mortgage was void as it affected the Schenectady Avenue property.

The plaintiff was granted summary judgment as to Pinto, who was ordered to convey the property free of all encumbrances except the mortgage in question. After trial, the

mortgage in question was declared null and void as it affects the Schenectady Avenue property.

The trial court properly ruled that the recording statute (Real Property Law § 291) is not applicable under these circumstances to make the plaintiff's unrecorded lease subordinate to the mortgagee's interest in the property. The plaintiff was in open possession of the property; therefore, the mortgagee was on notice of all rights to the property plaintiff could establish (see, Phelan v Brady, 119 NY 587, 591-592; Leeds v State of New York, 20 NY2d 701, 703). Thus, the mortgagee "is presumed either to have made the inquiry, and ascertained the extent of [the] prior right, or to have been guilty of a degree of negligence * * * fatal to [its] claim [that it is] a bona fide purchaser" (Williamson v Brown, 15 NY 354, 362). Having failed to inquire of the tenant as to her interest in the property, the mortgagee is guilty of a degree of negligence fatal to its claim that it is a bona fide purchaser. Real Property Law § 291 will act to void an unrecorded conveyance of an interest in property as against a recorded subsequent lien only when the subsequent transaction is made in good faith and the subsequent purchaser is a bona fide purchaser; such is not the case here.

However, because the lease permitted the owner to mortgage the property to the extent of $15,000, even had the mortgagee made proper inquiry and discovered the lease, it would have been entirely proper to secure a $15,000 loan with a mortgage on the property. Thus, the mortgagee's security interest in the property should not be entirely subordinated to the plaintiff's right under the lease option; only that part of the blanket mortgage beyond $15,000 must be subordinated to the plaintiff's right to the property.

The owner was ordered to convey the property to the plaintiff by order of Special Term. That conveyance must be deemed to have been encumbered by a $15,000 mortgage.

Furthermore, the mortgagee's interest need not be voided; a declaration that the mortgagee's lien is subordinate to the plaintiff's interest to the extent it exceeds $15,000 provides sufficient protection to the plaintiff. Moreover, as to the remainder of the lien, the plaintiff retains her rights as against Pinto who was obligated to deliver the property free of all encumbrances.

Because the appellant's cross claim remains undecided, we remit this matter to the Supreme Court. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.