■ GREENPOINT SAVINGS BANK, Respondent, v DOMINICK PENNOLINO, Respondent, and KATHERINE E. PENNOLINO, Defendant and Third-Party Plaintiff-Appellant. LORRAINE BACKAL, Third-Party Defendant-Appellant; PETER M. WOLF, Third-Party Defendant-Respondent.—In an action to foreclose a mortgage, the defendant third-party plaintiff Katherine E. Pennolino appeals (1) from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated April 30, 1985, as (a) granted the motion of the plaintiff Greenpoint Savings Bank (hereinafter the bank) for summary judgment against her, and a severance of the foreclosure action from the third-party action and from all cross claims by all parties against the defendant Dominick Pennolino, (b) denied, with leave to renew with respect to her first cross claim against the defendant Dominick Pennolino, her cross motion for summary judgment against the plaintiff bank, against the defendant Dominick Pennolino on her cross claims against him, and against the third-party defendants Lorraine Backal and Peter M. Wolf on her third-party complaint against them, and (2) from so much of an order of the same court, dated November 25, 1985, as, upon reargument of the plaintiff's motion and her cross motion, adhered to its original determination; and the third-party defendant Lorraine Backal appeals, as limited by her notice of appeal and brief, from so much of the order dated April 30, 1985, as (1) denied that branch of her motion which was for summary judgment against the third-party defendant Peter M. Wolf, and (2) granted the plaintiff bank's motion for summary judgment and a severance. The appeal by Lorraine Backal from so much of the order dated April 30, 1985, as granted the plaintiff bank's motion, brings up for review so much of the order dated November 25, 1985, as, upon reargument, adhered to the original determination with respect to that motion.

Ordered that the appeal by the defendant third-party plaintiff Katherine E. Pennolino from stated portions of the order dated April 30, 1985, and the appeal by the third-party defendant Backal from so much of that order as granted the plaintiff's motion is dismissed, as those portions of the order dated April 30, 1985, were superseded by the order dated November 25, 1985, made upon reargument; and it is further,

Ordered that the order dated November 25, 1985, is modified, on the law, (1) by deleting therefrom those provisions which adhered to so much of the original determination as (a) granted that branch of the plaintiff bank's motion which was for summary judgment against the defendant Katherine Pennolino, (b) struck the fifth, sixth, seventh and eighth affirmative defenses interposed in the answer of the defendant Katherine Pennolino, and (c) granted that branch of the plaintiff bank's motion which was for a severance of its foreclosure action from the third-party action and from all cross claims by all parties against the defendant Dominick Pennolino and (2) by substituting therefor provisions (a) denying that branch of the plaintiff bank's motion which was for summary judgment against the defendant Katherine Pennolino, (b) reinstating the fifth, sixth, seventh and eighth affirmative defenses interposed in the answer of Katherine Pennolino, and (c) denying that branch of the plaintiff bank's motion which was for a severance of its foreclosure action from the third-party action and all cross claims by all parties against the defendant Dominick Pennolino; as so modified, the order dated November 25, 1985, is affirmed insofar as appealed from and reviewed, and the order dated April 30, 1985, is modified accordingly; and it is further,

Ordered that on the appeal by the third party defendant Lorraine Backal from so much of the order dated April 30, 1985, as denied that branch of her motion which was for summary judgment against the third-party defendant Peter M. Wolf, that portion of the order is affirmed; and it is further,

Ordered that Katherine E. Pennolino is awarded one bill of costs, payable by the plaintiff.

The papers submitted by the plaintiff bank and by the defendant Katherine Pennolino in support of their respective motion and cross motion for summary judgment raise an issue of fact as to whether the plaintiff bank was "guilty of a degree of negligence fatal to its claim that it is a bona fide purchaser" under the recording statute *(Vitale v Pinto,* 118 AD2d 774, 776; Real Property Law § 291). Accordingly, a trial is required to resolve this issue which was effectively raised by the defendant Katherine Pennolino in the fifth, sixth, seventh and eighth affirmative defenses interposed in her answer. Finally, under the circumstances, severance of the plaintiff bank's foreclosure action from the third-party action and the cross claims is not warranted *(see, Shanley v Callanan Indus.,*

54 NY2d 52, 57). Mangano, J. P., Kunzeman and Harwood, JJ., concur.

Thompson, J., concurs in part and dissents in part and votes to dismiss Katherine E. Pennolino's appeal from the order dated April 30, 1985 and Lorraine Backal's appeal from so much of that order as granted the plaintiff's motion, and to otherwise affirm that order insofar as appealed from, and to affirm the order dated November 25, 1985, insofar as appealed from and reviewed, with the following memorandum. I believe that the determinations of Justice McCarthy should be sustained for the reasons stated in his memorandum decision and in his order granting reargument.

I would add only that the case of *Vitale v Pinto* (118 AD2d 774) which was modified on appeal to this court subsequent to the proceedings before Special Term, and upon which the defendant third-party plaintiff Katherine E. Pennolino substantially relies on appeal, is factually distinct from the matter before us. Any reliance thereon is misplaced. *Vitale* involved an arm's length transaction in which the plaintiff possessed a six-year lease of certain premises with an option to buy the premises free of all encumbrances. Thereafter, the landlord mortgaged the leased premises. In an action by the tenant to compel delivery of the title following her unsuccessful effort to exercise her option to purchase the premises free of all encumbrances and for a judgment declaring the rights under the mortgage, this court declared the mortgagee's rights under the mortgage to be subordinate to the plaintiff tenant's rights under the option to purchase. The basis for this determination was the court's finding that the mortgagee was on inquiry notice of the plaintiff's interest in the property because the plaintiff was in open possession of the property.

The *Vitale* ruling is not properly applicable to the case at bar involving as it does a former spouse of the record owner who was in possession of the mortgaged premises. The possession by the defendant third-party plaintiff Katherine E. Pennolino was not sufficiently inconsistent with the interests of her former spouse the defendant Dominick Pennolino, the record owner, so as to have the plaintiff and mortgagee, the Green Point Savings Bank, on notice of Katherine E. Pennolino's interest in the property. That interest, which was derived from a separation agreement, was not of such a nature as would have come to the attention of the bank in the ordinary course of events. Accordingly, unlike *Vitale,* the bank did not have constructive notice of the alleged adverse interest of one in possession of the mortgaged premises.