GREENPOINT SAVINGS BANK, Respondent, v MCMANN ENTERPRISES, INC., et al., Defendants, and BLANCHE NELSON et al., Proposed Intervenors-Appellants. [625 NYS2d 273] —In an action to foreclose a mortgage, Blanche Nelson, Marie Jeffries, and Johnnie Jeffries appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated September 4, 1991, as upon granting reargument, denied their motion for leave to intervene in the action and to vacate an order of the same court dated December 31, 1990, which, *inter alia,* directed entry of a judgment of foreclosure upon confirmation of a Referee's report.

Ordered that the order is modified by (1) deleting the provision thereof which denied the branch of the motion which was for leave to permit Blanche Nelson to intervene in the action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof which denied the branch of the motion which was to vacate the order dated December 31, 1990, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

We agree with the contention of the appellant Blanche Nelson that the court should have permitted her to intervene in this foreclosure action. Mrs. Nelson, who is now in her nineties, was living in the house that is the subject of this foreclosure action at the time that the defendant McMann Enterprises, Inc. (hereinafter McMann), allegedly executed a fraudulent mortgage encumbering the property. Mrs. Nelson alleged that she had conveyed the property in trust to an old family friend, Edward Maxwell, whose corporation, Woodville Corp. (hereinafter Woodville), was to manage it on her behalf. Following the death of Mr. Maxwell, the property was conveyed by Woodville to the defendant McMann. The record establishes that the conveyance was orchestrated by Louise McConnell who was an employee of Woodville and who was also an officer of McMann. The deed from Woodville to McMann was not properly acknowledged. In fact, the notary who witnessed Louise McConnell's signature struck that portion of the acknowledgment which indicates that Woodville authorized the conveyance to McMann. Additionally, the deed did not bear Woodville's corporate seal. Yet, the plaintiff bank loaned McMann $160,000, secured by a mortgage on the premises. McMann subsequently defaulted on the mortgage.

Mrs. Nelson claims that she has an unrecorded ownership

interest in the property. There is a question of fact as to whether the plaintiff bank was negligent in failing to ascertain the extent of Mrs. Nelson's interest as well as that of McMann as the mortgagor *(see, Greenpoint Sav. Bank v Pennolino,* 136 AD2d 600; *Vitale v Pinto,* 118 AD2d 774). We find that Mrs. Nelson has made a sufficient showing of a real and substantial interest in the outcome of the foreclosure action warranting her intervention *(see, Guma v Guma,* 132 AD2d 645; *Matter of Norstar Apts. v Town of Clay,* 112 AD2d 750; *Harrison v Bain Estates,* 2 Misc 2d 52, *affd* 2 AD2d 670).

However, we find that the court properly denied the branch of the motion which was for leave to permit Marie and Johnnie Jeffries to intervene. The Jeffries, who are relatives of Mrs. Nelson, do not dispute that they acquired their interest in the property after the mortgagee filed a notice of pendency *(see,* CPLR 6501; *Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400) and they do not advance any arguments which would warrant granting them permission to intervene. Balletta, J. P., Miller, Thompson and Goldstein, JJ., concur.