■ RICHARD P. BOOTH, Appellant-Respondent, v AMERIQUEST MORTGAGE COMPANY, Respondent-Appellant. [881 NYS2d 152]—

In an action, inter alia, to cancel and discharge a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated November 8, 2007, as denied his cross motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied its motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

"[W]here a purchaser of land has knowledge of any facts sufficient to put him upon inquiry as to the existence of some right, or some title, in conflict with that he [or she] is about to acquire, he [or she] is presumed, either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his [or her] claim to be considered a *bona fide* purchaser" (*Anderson v Blood,* 152 NY 285, 293 [1897]).

Similarly, if a purchaser or encumbrancer knows facts that would "excite the suspicion of an ordinarily prudent person" and fails to investigate, the purchaser or encumbrancer will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed (*see Miner v Edwards,* 221 AD2d 934 [1995], quoting *Anderson v Blood,* 152 NY at 293; *Fischer v Sadov Realty Corp.,* 34 AD3d 630, 631 [2006]). A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value (*see Vitale v Pinto,* 118 AD2d 774 [1986]). Here, since the defendant possessed facts of such nature that would have "excite[d] the suspicion of an ordinarily prudent person" (*Miner v Edwards,* 221 AD2d at 934), it was not a bona fide encumbrancer for value, and was not entitled to summary judgment dismissing the complaint.

The Supreme Court also correctly determined that triable issues of fact exist, precluding summary judgment in favor of the plaintiff (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *see e.g. Vitale v Pinto,* 118 AD2d 774 [1986]).

The parties' remaining contentions are without merit. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.