■  JP MORGAN CHASE BANK, Appellant, v ALBA MUNOZ et al., Defendants, and MARK O'CONNOR, Respondent. [927 NYS2d 364]—

In an action to foreclose a mortgage, the plaintiff appeals, as

limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), entered March 3, 2010, as denied those branches of its motion which were for summary judgment dismissing the affirmative defenses and counterclaims of the defendant Mark O'Connor.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defense of the defendant Mark O'Connor of lack of personal jurisdiction, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 2004, the property at issue in this foreclosure action was owned by Alfredo Zambrano, and the defendant Mark O'Connor was injured on the property. In December 2004, Zambrano conveyed ownership of the property to his daughter, Alba Munoz. In January 2005, O'Connor commenced an action against Zambrano to recover damages for the personal injuries he sustained on the subject property. In September 2005, while that action was pending, Munoz obtained a mortgage loan from Premium Capital Funding, LLC (hereinafter Premium). In July 2006, O'Connor obtained a default judgment against Zambrano and filed a judgment lien against the subject property. Premium eventually transferred its mortgage interest to the plaintiff, which commenced this foreclosure action after Munoz stopped making payments on the mortgage.

O'Connor, the only defendant who filed an answer, asserted two affirmative defenses and three counterclaims, alleging that the Zambrano-Munoz conveyance was fraudulent and that the plaintiff knew or should have known of facts sufficient for it to conduct an inquiry into the circumstances surrounding that conveyance. O'Connor alleged that his judgment lien had priority over the plaintiff's mortgage. He also alleged as an affirmative defense that the court lacked personal jurisdiction over him. The plaintiff moved, inter alia, for summary judgment dismissing O'Connor's affirmative defenses and counterclaims, arguing, among other things, that it was protected from O'Connor's claims of a superior interest because its assignor, Premium, was a bona fide mortgagee without notice of the alleged fraud. The Supreme Court denied the aforementioned branches of the plaintiff's motion. We modify.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing O'Connor's affirmative defenses and counterclaims alleging the priority of his interest over the plaintiff's mortgage. "A

mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor" (*Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *see* Real Property Law § 266). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (*Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010] [citations and internal quotation marks omitted]; *see Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017). " 'A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value' " (*Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017, quoting *Booth v Ameriquest Mtge. Co.*, 63 AD3d 769, 769 [2009]).

Here, where there is a claim of a priority interest based on an earlier fraudulent conveyance, the plaintiff bears the initial burden on its motion for summary judgment to establish its prima facie entitlement to protection as an assignee of a good faith mortgagee (*see Morris v Adams*, 82 AD3d 946, 947 [2011]). The plaintiff was required to show that its assignor, Premium, had no knowledge of the alleged fraud or of facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into with Munoz (*id.*). The only evidence submitted by the plaintiff to establish lack of knowledge or notice of the alleged fraud was the affidavit of its own employee, who claimed only to have had personal knowledge of relevant facts based on documents in the loan file kept in the plaintiff's ordinary course of business. He failed, however, to give an adequate and full description of the contents of the loan file and the information known or not known to Premium. The statements in the affidavit were vague, conclusory, and not fully supported by documentary evidence. Under the circumstances of this case, the plaintiff failed to meet its prima facie burden of establishing that its assignor was a bona fide mortgagee. Accordingly, this Court need not consider the sufficiency of the opposing papers on that issue (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing O'Connor's affirmative defense of lack of personal jurisdiction. "[A]n objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading" (CPLR 3211 [e]). Because O'Connor did not move to dismiss the complaint for lack of personal jurisdiction on the

basis of improper service within 60 days of serving his answer, he has waived the defense (*see Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 742 [2008]).

The parties' remaining contentions are without merit, or need not be reached in light of our determination. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.