■ In the Matter of LILLIAN HILL, Deceased. MARCIA FITZSIMMONS, Respondent; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellant, et al., Respondent. [943 NYS2d 558]—

In a turnover proceeding pursuant to SCPA article 21, inter alia, to recover real property, Mortgage Electronic Registration Systems, Inc., appeals from an order of the Surrogate's Court, Queens County (Kelly, S.), dated April 12, 2011, which denied that branch of its motion which was for summary judgment dismissing the petition insofar as asserted against it.

Ordered that the order is affirmed, with costs.

This appeal involves real property in Queens which was previously owned by the decedent, Lillian Hill. The petitioner, Marcia Fitzsimmons, and the respondent Brenda Watson are the surviving children of the decedent. Watson allegedly improperly obtained sole title to the subject property. In her petition, Fitzsimmons seeks, inter alia, to direct Watson to turn over the property. The petition also named as a respondent Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), which holds a mortgage on the property in connection with a $215,000 loan made to Watson in September 2009. MERS moved, inter alia, for summary judgment dismissing the petition insofar as asserted against it on the basis that it was a bona fide encumbrancer for value. The Surrogate's Court denied the motion.

"[I]f a purchaser or encumbrancer knows facts that would 'excite the suspicion of an ordinarily prudent person' and fails to investigate, the purchaser or encumbrancer will be chargeable with that knowledge which a reasonable inquiry, as suggested by the facts, would have revealed" (*Booth v Ameriquest Mtge. Co.*, 63 AD3d 769, 769 [2009], quoting *Anderson v Blood*, 152 NY 285, 293 [1897]). A mortgagee who does not make such in-

quiry will not be considered a bona fide encumbrancer for value (*see Vitale v Pinto*, 118 AD2d 774 [1986]). Here, MERS submitted documentary evidence in support of its motion for summary judgment which established its prima facie entitlement to judgment as a matter of law (*see generally Leandre v Sharperson*, 96 AD2d 883 [1983]). However, in opposition thereto, the petitioner raised a triable issue of fact as to whether MERS had knowledge of facts of such nature that would have "excit[ed] the suspicion of an ordinarily prudent person" (*Anderson v Blood*, 152 NY at 293), and yet failed to make any investigation. Therefore, that branch of MERS's motion which was for summary judgment dismissing the petition insofar as asserted against it was properly denied (*see Booth v Ameriquest Mtge. Co.*, 63 AD3d 769 [2009]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.