■ MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for Fremont Investment & Loan, Respondent, v SUSHMA RAMBARAN et al., Defendants, and HSBC BANK USA, NA, as Indenture Trustee for the Registered Noteholders of RENAIS-

sance Home Equity Loan Trust 2007-2, Appellant. [949 NYS2d 694]—

On August 10, 2005, the defendants Philip Baldeo and Hemant K. Rambaran executed a note, secured by a mortgage (hereinafter the Fremont mortgage) on the subject real property in favor of the plaintiff, Mortgage Electronic Registration Systems, Inc., as Nominee for Fremont Investment & Loan. The Fremont mortgage was not recorded. On March 30, 2007, Hemant executed a deed conveying his interest in the subject real property to his daughters, the defendants Seema Rambaran and Sushma Rambaran. That same day, Seema and Sushma executed a note, secured by a mortgage (hereinafter the Delta mortgage) on the subject property, in favor of Mortgage Electronic Registrations Systems, Inc., as Nominee for Delta Funding Corporation (hereinafter Delta). The Delta mortgage was recorded, and later assigned to the defendant HSBC Bank USA, NA, as Indenture Trustee for the Registered Noteholders of Renaissance Home Equity Loan Trust 2007-2 (hereinafter HSBC).

In September 2009, the plaintiff commenced this action, inter alia, to set aside the March 2007 conveyance as fraudulent and alleging that its mortgage lien on the subject property pursuant to the Fremont mortgage was superior in priority to the Delta mortgage, now held by HSBC. Thereafter, the Supreme Court denied that branch of HSBC's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

" 'Under New York's Recording Act (Real Property Law § 291), a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage' " (*2 Lisa Ct. Corp. v Licalzi*, 89 AD3d 721, 722 [2011], quoting *Washington Mut. Bank, FA v*

*Peak Health Club, Inc.*, 48 AD3d 793, 797 [2008]). "A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor" (*Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *see* Real Property Law § 266; *JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2011]). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (*Stracham v Bresnick*, 76 AD3d 1009, 1010 [2010], quoting *LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *see JP Morgan Chase Bank v Munoz*, 85 AD3d at 1126). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (*Booth v Ameriquest Mtge. Co.*, 63 AD3d 769, 769 [2009]; *see JP Morgan Chase Bank v Munoz*, 85 AD3d at 1126; *Thomas v LaSalle Bank N.A.*, 79 AD3d at 1017). Further, "[a]n assignee stands in the shoes of the assignor and takes the assignment subject to any preexisting liabilities" (*Arena Constr. Co. v Sackaris & Sons*, 282 AD2d 489, 489 [2001]; *see TPZ Corp. v Dabbs*, 25 AD3d 787, 789 [2006]).

Here, HSBC failed to establish, prima facie, that its assignor, Delta, was a bona fide encumbrancer. In support of its motion, HSBC submitted, inter alia, checks issued at the closing of the subject transaction which did not correspond with the disbursements listed on the HUD-1 settlement statement. Moreover, while the HUD-1 settlement statement reflected that $296,000 was paid as consideration to Hemant, other documentation submitted by HSBC indicated that no consideration was paid for the conveyance. Under the circumstances, HSBC failed to show that Delta "had no knowledge of the alleged fraud or of facts that would have led a reasonable mortgagee to make inquiry of the possible fraud at the time the mortgage was entered into with [Seema and Sushma]" (*JP Morgan Chase Bank v Munoz*, 85 AD3d at 1126).

HSBC's remaining contention is without merit.

Since HSBC failed to establish its prima facie entitlement to judgment as a matter of law, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.