■ In the Matter of LILLIAN HILL, Deceased. MARCIA FITZSIMMONS, Respondent-Appellant; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., Appellants-Respondents, et al., Respondent. [970 NYS2d 606]—

In a probate proceeding in which Marcia Fitzsimmons, as preliminary executor of the decedent's estate, petitioned pursuant to SCPA 2103 for the turnover of certain property on behalf of the decedent's estate, Mortgage Electronic Registration Systems, Inc., as nominee for Bank Of America, N.A., and Bank of America, N.A., appeal from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated July 23, 2012, as determined that they are in privity with Brenda Watson and, therefore, are collaterally estopped from seeking to establish the validity of the subject deed in this proceeding, and Marcia Fitzsimmons cross-appeals from the same order, which denied her motion for summary judgment on the petition.

Ordered that the appeal is dismissed, as Mortgage Electronic Registration Systems, Inc., as nominee for Bank of America, N.A., and Bank of America, N.A., are not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, with one bill of costs to Mortgage Electronic Registration Systems, Inc., as nominee for Bank of America, N.A., and Bank of America, N.A.

Marcia Fitzsimmons (hereinafter the petitioner), as preliminary executor of her mother's estate, petitioned pursuant to SCPA 2103 for the turnover of certain property on behalf of the estate. The petitioner alleged that her sister, Brenda Watson, improperly used a power of attorney to deed their mother's real property, left to both of them in the mother's will, to herself,

shortly before the death of their mother. The petitioner also named Mortgage Electronic Registration Systems, Inc., as nominee for Bank of America, N.A., and Bank of America, N.A. (hereinafter together the mortgagees), as respondents in the proceeding.

On a prior appeal, this Court held that the mortgagees made a prima facie showing that they were bona fide encumbrancers for value, but that the petitioner raised a triable issue of fact as to whether they had knowledge of facts which should have triggered an investigation into the validity of Watson's title to the premises (*see Matter of Hill*, 95 AD3d 889 [2012]). On this appeal by the mortgagees and cross appeal by the petitioner, the petitioner challenges an order of the Surrogate's Court which denied her motion for summary judgment on the petition on the ground that the Surrogate's Court held, in a related accounting proceeding to which Watson was a party but the mortgagees were not, that Watson's deed to herself was null and void. On their appeal, the mortgagees seek to challenge additional language in the Surrogate's Court's order which determined that they are in privity with Watson and, therefore, are collaterally estopped from seeking to establish the validity of the subject deed in this proceeding.

The mortgagees' appeal must be dismissed, as a successful party who has obtained the full relief sought is not aggrieved and, therefore, has no ground for appeal (*see* CPLR 5511). That the Surrogate's Court's order may contain language or reasoning which the mortgagees deem adverse to their interests does not furnish them with a basis for standing to take an appeal from the order (*see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472 [1986]).

The petitioner's motion for summary judgment on the petition was properly denied. The Surrogate's Court's determination in the related accounting proceeding against Watson, that the deed to her is null and void on the grounds of breach of fiduciary duty and failure to establish a gift, does not entitle the petitioner to summary judgment against the mortgagees, who are still entitled to pursue the defense that they are bona fide encumbrancers for value (*see Marden v Dorthy*, 160 NY 39, 50 [1899]). Moreover, this Court's determination on the prior appeal that the mortgagees made a prima facie showing that they are bona fide encumbrancers for value is law of the case (*see Matter of Hill*, 95 AD3d 889 [2012]; *Shroid Constr. v Dattoma*, 250 AD2d 590, 593 [1998]). Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.