Wells Fargo Bank, N.A. v Sasson (2018 NY Slip Op 08533)





Wells Fargo Bank, N.A. v Sasson


2018 NY Slip Op 08533


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-05937
2016-05944
 (Index No. 6413/11)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Jaclyn Sasson, et al., appellants, et al., defendants.


Michael J. Oziel, Syosset, NY, for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jaclyn Sasson and Joseph Sasson appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 10, 2015, and (2) an order of the same court entered December 11, 2015. The order entered December 10, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference. The order entered December 11, 2015, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered December 10, 2015, is dismissed, as the portions of the order appealed from were superseded by the order entered December 11, 2015; and it is further,
ORDERED that the order entered December 11, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2007, Joseph Sasson and Jaclyn Sasson (hereinafter together the defendants) executed a note in the sum of $1,100,000 in favor of Bank of America, N.A. (hereinafter Bank of America). The note was secured by a mortgage on residential property located in Jericho. By "Assignment of Mortgage" dated March 22, 2011, Bank of America assigned the note and mortgage to the plaintiff. In April 2011, the plaintiff commenced this action to foreclose the mortgage. The defendants served an answer in which they asserted, inter alia, the affirmative defense of lack of personal jurisdiction based on improper service.
In July 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The Supreme Court granted the motion, and the defendants appeal.
The defendants' contention that summary judgment was premature because of outstanding discovery is without merit. The defendants failed to provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party (see Mogul v Baptiste, 161 AD3d 847; Suero-Sosa v Cardona, 112 AD3d 706, 708).
The defendants' contention that the Supreme Court should have directed a hearing to determine whether they were properly served with the summons and complaint is without merit, as they waived the defense of lack of personal jurisdiction by failing to move to dismiss on that ground within 60 days of serving their answer (see CPLR 3211[e]; Wells Fargo Bank, N.A. v Cajas, 159 AD3d 977, 978; JP Morgan Chase Bank v Munoz, 85 AD3d 1124, 1126; Federici v Metropolis Night Club, Inc., 48 AD3d 741, 742).
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Citimortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). Here, the defendants conceded service of the June 14, 2010, notice.
Moreover, in opposition to the plaintiff's prima facie showing that it had standing to commence the action based on the Assignment of Mortgage dated March 22, 2011, which, by its terms, assigned the note as well as the mortgage, the defendants failed to raise a triable issue of fact (see U.S. Bank N.A. v Akande, 136 AD3d 887, 887).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's granting of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court