PennyMac Corp. v Dean-Phillips (2020 NY Slip Op 08071)





PennyMac Corp. v Dean-Phillips


2020 NY Slip Op 08071


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07662
 (Index No. 29346/10)

[*1]PennyMac Corp., appellant, 
v
Menesha Dean-Phillips, etc., et al., respondents, et al., defendant.


Blank Rome LLP, New York, NY (Diana M. Eng and Andrea M. Roberts of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 26, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants Menesha Dean-Phillips and Samuel Dean and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2010, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced this foreclosure action against the defendant Ida Louise Dean (hereinafter Dean), among others. JPMorgan alleged that in 2005, Dean executed a note in the sum of $375,000 in favor of Washington Mutual Bank, FA (hereinafter WAMU), which was secured by a mortgage on real property owned by Dean in Brooklyn (hereinafter the premises). JPMorgan further alleged that in June 2007, Dean executed a loan modification agreement. According to JPMorgan, it acquired Dean's note and mortgage from WAMU in September 2008. In a verified answer executed on Dean's behalf by Samuel Dean pursuant to a power of attorney, Dean alleged that she had no recollection of the loan, she could not have understood the implications of the loan due to her advanced age, she suffered from Alzheimer's disease and dementia, and the alleged note and mortgage were fraudulent.
Dean died in August 2013 and, in April 2014, Menesha Dean-Phillips and Samuel Dean (hereinafter together the defendants), as co-executors of Dean's estate, were added as defendants in the action. Thereafter, in March 2015, JPMorgan moved, inter alia, to substitute PennyMac Corp. (hereinafter the plaintiff) as the plaintiff in its stead contending that, in May 2014, it assigned the note and the mortgage to the plaintiff. In an order dated April 9, 2015, the Supreme Court granted the substitution.
Thereafter, the plaintiff filed a supplemental summons and amended complaint against, among others, the defendants. The plaintiff then moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendants and for an order of reference. In an order dated January 26, 2017, the Supreme Court denied the plaintiff's motion (hereinafter the [*2]January 2017 order). The plaintiff appeals.
We agree with the Supreme Court's determination denying those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendants and for an order of reference. The plaintiff's mortgage interest in the premises is protected unless it had notice of facts involving purported fraudulent acts of WAMU and its assignor JPMorgan (see Real Property Law § 266). Where an encumbrancer knows certain facts that would lead a reasonably prudent lender to make inquiries as to an alleged fraud and fails to make such inquiries, the encumbrancer "'is not a bona fide encumbrancer for value'" (2386 Hempstead, Inc. v 182 St., Inc., 184 AD3d 783, 785, quoting Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769). Moreover, "[a]n assignee stands in the shoes of the assignor and takes the assignment subject to any preexisting liabilities" (Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802, 804 [internal quotation marks omitted]).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law because it failed to show that it is a bona fide encumbrancer of the premises. In support of its motion, the plaintiff included Dean's 2011 answer which alleged, among other things, that the note and mortgage were fraudulent. The plaintiff also submitted a petition filed in the Surrogate's Court, Kings County, by the defendants in February 2014 in connection with the probate of Dean's estate which alleged that, at the time of her death, Dean had a pending lawsuit against one of her daughters and "WAMU (Chase Bank) concerning a predatory loan." Thus, the plaintiff's own submissions in support of its motion included facts which alleged that the mortgage at issue was obtained via fraudulent means and was "a predatory loan," and the plaintiff had the burden on its motion to show its entitlement to protection as an assignee of a good faith mortgagee (see Real Property Law § 266; see e.g. JP Morgan Chase Bank v Munoz, 85 AD3d 1124, 1126; Booth v Ameriquest Mtge. Co., 63 AD3d at 769). The plaintiff submitted no evidence in support of its motion to show that JPMorgan was unaware of such allegations at the time it transferred the mortgage to the plaintiff or that the plaintiff had undertaken reasonable inquiry with respect to those allegations (see e.g. JP Morgan Chase Bank v Munoz, 85 AD3d at 1126; Booth v Ameriquest Mtge. Co., 63 AD3d at 769). This Court also notes that the record on appeal does not include the origination file provided by the plaintiff to the Supreme Court which it reviewed and relied on in its January 2017 order.
Since the plaintiff's submissions in support of its motion raised triable issues of fact as to whether the plaintiff is a good faith encumbrancer with respect to the mortgage at issue, it failed to establish its prima facie entitlement to judgment as a matter of law, and it is unnecessary to consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court