Feggins v Marks (2024 NY Slip Op 03883)

Feggins v Marks

2024 NY Slip Op 03883

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-05621
 (Index No. 703189/16)

[*1]Melva Feggins, et al., plaintiffs-respondents, 
v
Jaime Marks, defendant-respondent, Real Estate Mortgage, Network, Inc., appellant.

Belowich & Walsh LLP, White Plains, NY (Daniel G. Walsh and Joanna Sandolo of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to set aside a deed and cancel a mortgage, the defendant Real Estate Mortgage Network, Inc., appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered July 29, 2021. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and on its first counterclaim and cross-claim for a judgment declaring that it is the holder of a first mortgage on the subject property or, in the alternative, on its second counterclaim and cross-claim to impose an equitable mortgage on the subject property.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs' mother, Olivia Marks (hereinafter the decedent), owned certain real property located in Queens. By deed dated April 7, 2010, the decedent purportedly conveyed title to the subject property from herself, as sole owner, to herself and the defendant Jaime Marks (hereinafter Jaime), as joint tenants with rights of survivorship. On August 26, 2011, the decedent and Jaime obtained a loan secured by a mortgage on the property from the defendant Real Estate Mortgage Network, Inc. (hereinafter the appellant). On August 21, 2012, the decedent died.
Thereafter, the plaintiffs commenced this action against Jaime and the appellant. The plaintiffs alleged, inter alia, that the decedent was suffering from Alzheimer's disease and dementia at the time of the deed transfer and the mortgage transaction. The plaintiffs further alleged that, due to her illness, the decedent was incompetent to enter into those transactions, Jaime exercised undue influence over the decedent, and the mortgage must be cancelled. The appellant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was a bona fide encumbrancer for value whose interest in the property was unaffected by the alleged undue influence and on its first counterclaim and cross-claim for a judgment declaring that it is the holder of a first mortgage on the property or, in the alternative, on its second counterclaim and cross-claim to impose an equitable mortgage on the property. The Supreme Court, inter alia, denied those branches of the appellant's motion, and this appeal followed.
"On a motion for summary judgment, the movant must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact'" (Richardson v County of Nassau, 156 AD3d 924, 925, quoting Winegrad v New York [*2]Univ. Med. Ctr., 64 NY2d 851, 853). "Only after this showing has been made does the burden shift to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material triable issues of fact" (Moscatiello v Wyde True Value Lbr. & Supply Corp., 168 AD3d 833, 834). "On a summary judgment motion by a defendant, the defendant does not meet its initial burden by merely pointing to gaps in the plaintiff's case; rather, it must affirmatively demonstrate the merit of its claim or defense" (Vumbico v Estate of Wiltse, 156 AD3d 939, 941).
"'A mortgagee's interest in the property is protected unless it has notice of a previous fraud affecting the title of its grantor'" (Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 746, quoting JP Morgan Chase Bank v Munoz, 85 AD3d 1124, 1125-1126). "[A] mortgagee is under a duty to make an inquiry where it is aware of facts 'that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue'" (Stracham v Bresnick, 76 AD3d 1009, 1010, quoting LaSalle Bank Natl. Assn. v Ally, 39 AD3d 597, 600). "A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value" (Booth v Ameriquest Mtge. Co., 63 AD3d 769, 769).
Here, the appellant failed to establish its prima facie entitlement to judgment as a matter of law on the ground that it was a bona fide encumbrancer for value. The appellant failed to produce any evidentiary proof that affirmatively demonstrated that the decedent was not incompetent at the time of the relevant transactions. The appellant also failed to establish that it did not have notice of the alleged fraud affecting the title to the property or that it was not aware of facts regarding the decedent's alleged incompetence that would trigger a duty to inquire into the circumstances of the subject transactions (see id.). Since the appellant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
CONNOLLY, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court