Nyamekye Holding Corp. v Launch Dev., LLC (2025 NY Slip Op 02594)

Nyamekye Holding Corp. v Launch Dev., LLC

2025 NY Slip Op 02594

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-01326
 (Index No. 7653/15)

[*1]Nyamekye Holding Corp., appellant, 
v
Launch Development, LLC, defendant, Petermark II, LLC, intervenor-defendant-respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Butler, Fitzgerald & Fiveson, P.C., New York, NY (David K. Fiveson and Mark J. Krueger of counsel), for intervenor-defendant-respondent.

DECISION & ORDER
In an action, inter alia, to rescind certain deeds, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 2, 2020. The order granted that branch of the intervenor-defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In 2014, the plaintiff's president executed two deeds conveying certain real properties to the defendant, Launch Development, LLC (hereinafter Launch). The plaintiff alleged that Launch lent it funds to satisfy a mortgage on the properties and orally promised to hold the deeds in escrow, without recording them, as security for payment on Launch's loan. Notwithstanding this alleged oral agreement, Launch recorded the deeds. Launch thereafter executed a note in favor of Petermark II, LLC (hereinafter Petermark), which was secured by a mortgage on the subject properties.
In June 2015, the plaintiff commenced this action, inter alia, to rescind the deeds and Petermark intervened as a defendant in the action. In or around April 2019, after discovery, Petermark moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was a bona fide encumbrancer for value whose interest in the properties was unaffected by Launch's alleged fraud. In an order dated November 2, 2020, the Supreme Court granted that branch of Petermark's motion. The plaintiff appeals.
"[A] mortgagee is under a duty to make an inquiry where it is aware of facts that would lead a reasonable, prudent lender to make inquiries of the circumstances of the transaction at issue" (Feggins v Marks, 229 AD3d 691, 692 [internal quotation marks omitted]; see JP Morgan Chase Bank v Munoz, 85 AD3d 1124, 1126). A mortgagee who fails to make such an inquiry is not a bona fide encumbrancer for value (see Feggins v Marks, 229 AD3d at 692; JP Morgan Chase Bank v Munoz, 85 AD3d at 1126). On the other hand, the interest of a mortgagee in real property will be protected where it does not have notice of a previous fraud affecting the title of its grantor or of facts warranting an inquiry (see Feggins v Marks, 229 AD3d at 692; JP Morgan Chase Bank v Munoz, [*2]85 AD3d at 1126).
Here, Petermark met its prima facie burden of establishing that it was a bona fide encumbrancer for value by showing that, at the time it executed the subject mortgage, a title search had revealed that Launch was the record owner of the properties, and Petermark had no knowledge of the alleged oral agreement between the plaintiff and Launch (see Maiorano v Garson, 65 AD3d 1300, 1302).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's unsupported, speculative contention that Petermark had notice of Launch's alleged fraud was insufficient to raise such a triable issue (see Rogers v Stop & Shop Supermarket Co., LLC, 226 AD3d 1056, 1057; Notaroberta v Golub, 226 AD3d 1039, 1040). Furthermore, the plaintiff's contention that a federal criminal investigation into Launch's conduct might reveal relevant evidence as to Petermark's notice of Launch's fraud is similarly speculative, and thus fails to provide a sufficient basis upon which to deny Petermark's motion as premature (see Ramirez v Pace Univ., 230 AD3d 811, 812).
Accordingly, the Supreme Court properly granted that branch of Petermark's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Petermark's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court